IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-86-RLJ-DCP |
| | ) | |
| GARY DEAN HOLDER, and | ) | |
| JIMMY McLAIN MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 25, 2018, for a scheduled pretrial conference and motion hearing on the Motion by Defendant Jimmy McLain Moore to Continue Trial Date and Reset All Related Deadlines [Doc. 59], filed on May 3, 2018, and the Motion by Defendant Jimmy McLain Moore to Modify the Conditions of Pre-Trial Release [Doc. 60], filed on May 22, 2018. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Donny M. Young represented Defendant Holder, who was also present. Attorney Mark E. Brown represented Defendant Moore, who was excused from the hearing.

Defendant Moore moves the Court to continue the July 7 trial date and all associated deadlines. Defendant Moore was arrested on March 8, 2018, and had an initial appearance in the Northern District of California. United States Magistrate Judge Susan van Keulen subsequently released the Defendant on conditions but stayed his release for twenty-four

hours to allow the Government in this district to file an appeal. The Government filed an emergency motion in this District appealing the Defendant's release. On March 15, 2018, United States District Judge Leon Jordan stayed [Doc. 38] Judge van Keulen's release order pending resolution of the Emergency Motion and ordered the expedited transport of Defendant Moore to this district. The Defendant arrived here on April 9, 2018, and appeared before the undersigned, who appointed [Doc. 49] Attorney Brown to represent Defendant Moore. Following litigation of the Government's emergency motion, the Defendant was subsequently released on conditions [Doc. 58] on April 30, 2018. Defendant Moore states that due to the extensive litigation of his pretrial release, defense counsel was not able to review discovery and file pretrial motions by the May 7, 2018 deadline. Defendant Moore seeks an extension of the trial date and all other deadlines in this case to give defense counsel time to complete his review of discovery, file pretrial motions, and prepare for trial. Defendant Moore provided an affidavit [Doc. 59-1] stating that he is waiving his right to a speedy trial so that the Court may grant his requested continuance.

At the May 25 hearing, Mr. Brown stated that Defendant Moore entered this case well after his codefendants and that he has been focused on the litigation of the Defendant's release. He stated that he has now reviewed discovery but needs additional time to consider the filing of pretrial motions and to prepare for trial. Mr. Young stated that Defendant Holder does not object to the requested continuance. AUSA Davidson also said the Government does not object. The parties agreed on a new trial date of November 13, 2018.

The Court finds the Defendant Moore's motion to continue the trial to be well-taken and unopposed by either the Government or Defendant Holder. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Indictment

[Doc.1] charges that the three named Defendants[1] engaged in an eight-month conspiracy to distribute fifty grams or more of methamphetamine. Defendant Moore first appeared in this case on March 7, 2018, and did not appear in this district until April 9, 2018. Then, counsel for Defendant Moore spent three weeks litigating the issue of Defendant Moore's pretrial release. Counsel for Defendant Moore had little to no time to review discovery before the motion deadline on May 7. The Court finds that Moore's counsel need additional time to review discovery, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. If Defendant Moore files any motions, the Court will need time to hold a motion hearing and to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot occur before the July 10 trial date or in less than six months. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial, despite the use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, Defendant Moore's motion to continue the trial [**Doc. 59**] is **GRANTED**, and the trial is reset to **November 13, 2018**. The Court finds that all the time between the filing of Defendant Moore's motion on May 3, 2018, and the new trial date of November 13, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). Defendant Moore's request to reset the schedule in this case is also granted. The Court set a new motion deadline of **June 15, 2018**, for Defendant Moore. Responses to motions are due on or before **June 29, 2018**. The parties are to appear before the undersigned for a motion hearing on **July 19, 2018, at 1:30 p.m.** The new deadline for concluding plea negotiations and providing reciprocal discovery is **October 12, 2018**. The Court instructs the parties that all motions *in limine* must be filed no later than

---

[1] Defendant Jamie Cook has entered a change of plea [Doc. 44].

**October 29, 2018**. Special requests for jury instructions shall be submitted to the District Judge no later than **November 2, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Following the trial continuance, the Court addressed Defendant Moore's motion to modify the conditions of his release. Defendant Moore asks that the condition that his travel is restricted to the Northern District of California and the Eastern District of Tennessee be modified to allow him to travel to the Eastern District of California to visit his mother, who cannot travel to see him due to poor health. The Court finds that the Defendant's current conditions allow him to travel to visit his mother on an occasional basis, if he first requests and receives permission from his supervising probation officer.

Defendant Moore also asks that his condition of home detention be changed to a curfew to allow him more flexibility to serve his clients in his job as an in-home assistant. The Court sees no need to modify the condition of home detention. At the April 16 hearing, defense counsel informed the Court that the Defendant would be paid by the county to assist his mentally disabled sister by, among other things, insuring that she took her medication. The Court had some concern about the Defendant administering medication, given his criminal history. The Defendant's daughter told the Court that the Defendant's job as caretaker for her aunt would not involve controlled substances. The Court with some reluctance recommended the Defendant's release. The Court did not contemplate or authorize the Defendant to have multiple clients, particularly if assisting those clients involves the administration of medication. Moreover, the Court contemplated that the Defendant would be in the home of his sister Pamela Moore, his third-party custodian, except when he is caring for his disabled sister or in other specific circumstances, such as medical appointments. The Court declines to modify the condition of home detention and

admonishes the Defendant to adhere strictly to the conditions of his release. The Motion by the Defendant Jimmy McLain Moore to Modify Conditions of Pre-trial Release [**Doc. 60**] is **DENIED**.

Accordingly, it is **ORDERED**:

(1) The Motion by Defendant Jimmy McLain Moore to Continue Trial Date and Reset All Related Deadlines [**Doc. 59**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 13, 2018, at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of Defendant Moore's motion on **May 3, 2018**, and the new trial date of **November 13, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reset to **June 15, 2018**. Responses to motions are due on or before **June 29, 2018**;

(5) The parties are to appear before the undersigned for a motion hearing on **July 19, 2018, at 1:30 p.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is **October 12, 2018**;

(7) Motions *in limine* must be filed no later than **October 29, 2018**;

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **November 2, 2018**; and

(9) The Motion by the Defendant Jimmy McLain Moore to Modify Conditions of Pre-trial Release [**Doc. 60**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge